IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JON STURGEON,

    Plaintiff,

vs.                                                   No. CIV 02-1317   JB/WDS

ABF FREIGHT SYSTEMS, INC.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Defendant ABF Freight Systems, Inc's ("ABF") Motion to Strike November 14, 2003 Affidavit of William L. Jackson, M.D., filed November 25, 2003 (Doc. 106). The issue is whether the Plaintiff, Jon Sturgeon, may use his treating physician as an expert witness in opposing the motion for summary judgment. Because Sturgeon did not disclose Dr. William L. Jackson ("Jackson") as an expert and provide an expert report within the required time frame, the Court will limit Jackson to treating physician testimony and will strike the portions of Jackson's affidavit that fall outside the scope of a treating physician.

## BACKGROUND

Jackson is a licensed physician in New Mexico, board certified in emergency medicine. See Affidavit of William L. Jackson, M.D. ¶ 1, at 1 (taken November 14, 2003)("Affidavit"). Jackson practiced exclusively in the occupational medicine field from 1993 to early 1998. See id. ¶ 2, at 1. From 1993 to early 1998, Jackson worked for Occusystems, Inc. which was under contract to ABF to provide medical services to its employees. See id. During the 1994 to 1996 time frame, Jackson had occasion to examine, diagnose, and treat Sturgeon. See id. ¶ 3, at 1.

ABF filed Defendant's Motion for Summary Judgment on Plaintiff's ADA and Retaliation Claims on October 29, 2003 (Doc. 94). In responding to that motion, Sturgeon attached Jackson's affidavit in an attempt to overcome alleged deficiencies in his disability claim. See Plaintiff's Response to Defendant's Motion for Summary Judgment as to ADA and Retaliation Claims, filed November 18, 2003 (Doc. 103), Exhibit 1. The deadline for disclosure of experts occurred on June 11, 2003. See Stipulated Order Extending Expert Disclosure Deadline, entered June 4, 2003 (Doc. 51). Discovery closed in this matter on September 30, 2003. See Order on the Parties' Joint Motion for Extension of Discovery and Pretrial Deadlines, entered July 7, 2003 (Doc. 65).

ABF filed this motion to strike on the grounds the Jackson's affidavit is not limited to treating physician testimony, but contains testimony more properly characterized as expert testimony. Because Sturgeon did not disclose Jackson as an expert or provide a written expert report for Jackson before June 11, 2003, as required by rule 26, ABF seeks to exclude those portions of Jackson's affidavit that are beyond the scope of a treating physician.

## LEGAL STANDARDS

Rule 26 of the Federal Rules of Civil Procedure requires parties to disclose their experts in a timely manner and to provide written expert reports within a specified time frame. See Fed. R. Civ. P. 26(a)(2)(B). Rule 701 of the Federal Rules of Evidence allows a witness not properly identified as an expert pursuant to rule 26 to provide opinion testimony so long as that witness' opinions are "(a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 701." Fed. R. Evid. 701. The advisory committee notes to the 2000 Amendments to rule 701 thus distinguished, not "between expert and

-2-

lay witnesses, but rather between expert and lay testimony.  See also Hawkins v. Graceland, 210 F.R.D. 210, 211 (W.D. Tenn. 2002)("Thus, the application of the Rule 26 disclosure requirements depends on the substance of the treating physician's testimony rather than his or her status.").

Although treating physicians testifying as to causation and diagnosis will provide expert testimony falling within rule 702's scope, a party advancing such testimony need not file a rule 26 expert report provided that the physicians limit "the scope of their opinion testimony to those conclusions drawn from their own examination and treatment of the patient." Jacks v. Regis Corp., Civ. No. 99-1391, Memorandum Opinion and Order at 2 (D.N.M. April 4, 2001)(Smith, M.J.).  "The majority of federal courts that have examined the issue conclude that Rule 26(a)(2)(B) does not require an expert report from treating physicians or other fact witnesses, even though these experts may offer opinion testimony under Fed. R. Evid. 702, 703, and 705." Thompson v. Wal-Mart Stores, Inc., Civ. No. 98-1034, Memorandum Opinion and Order at 5 (D.N.M. Sep. 13, 1999)(Conway, J.). "[T]reating physicians . . . must[, however,] limit the scope of their opinion testimony to those conclusions drawn from their own examination and treatment of the patient." Id. "Opinion testimony not drawn from personal treatment of the patient is subject to Rule 26(a)(2)(B) disclosure requirements." Jacks v. Regis Corp., Civ. No. 99-1391, Memorandum Opinion and Order at 2 (citing Salas v. U.S., 165 F.R.D. 31, 32-33 (W.D.N.Y. 1995)).

Cases decided after the 1993 amendments to rule 26 have held that a treating physician on whom no rule 26(a)(2)(B) report is filed must confine his testimony to matters gleaned from his personal care and treatment of the party and may not rely on external reports or opinions of other doctors in providing testimony.  See e.g., Starling v. Union Pac. R.R. Co., 203 F.R.D. 468 (D. Kan. 2001)(treating physicians disallowed from testifying about expert reports and reports of examinations

by other doctors, as plaintiff did not make required rule 26(a)(2)(B) disclosures); Wreath v. U.S., 161 F.R.D. 448 (D. Kan. 1995)(treating physicians disallowed from testifying about expert reports and reports of examinations by other doctors, as plaintiff did not make required rule 26(a)(2)(B) disclosures); Wreath v. U.S., 161 F.R.D. 448 (D. Kan. 1995)(treating physician, when not identified as an expert witness, must constrain his testimony to his personal observations from treatment and care of the plaintiff). Judges in this district construing local rule 26.3(b) have reached the same conclusion. See, e.g., Jacks v. Regis Corp., Memorandum Opinion and Order at 1-2 ("The Advisory Committee Notes to the 1993 Amendments to Rule 26 and our local rule D.N.M.LR-Civ 26.3(b) exempt treating physicians from the expert report disclosure requirements of Fed. R. Civ. P. 26(a)(2)(B). . . . However, treating physicians . . . must limit the scope of their opinion testimony to those conclusions drawn from their own examination and treatment of the patient.")(citations omitted). The advisory committee notes to rule 26 highlight the reasoning behind the rule's disclosure requirements: "This paragraph imposes an additional duty to disclose information regarding expert testimony sufficiently in advance of trial that opposing parties have a reasonable opportunity to prepare for effective cross-examination and perhaps arrange for expert testimony from other witnesses." Fed. R. Civ. P. 26 Advisory Committee Notes 1993 Amendments ¶ 2. See also Sprague v. Liberty Mut. Ins. Co., 177 F.R.D. 78, 81 (D.N.H. 1998)(noting the purpose of rule 26 disclosure requirements and holding that plaintiff was not required to provide rule 26(a)(2)(B) reports from his treating physicians "provided that all opinions they express are formed on the basis of their treatment of plaintiff.").

## **DISCUSSION**

Sturgeon clarified at the hearing on this motion that he intends to offer Jackson as an expert

witness. He asks that, if the Court intends to hold him to rule 26's requirements, that he be given leave to now file Jackson's written expert report. He argues that ABF will not be prejudiced because ABF has had notice from the beginning that Sturgeon intended to call Jackson.

The Court disagrees that ABF will not be prejudiced by allowing Jackson to testify as an expert and will not permit Sturgeon to attempt to comply with rule 26 at this late date. The federal courts and the Advisory Committee have strived to make rule 26's requirements clear, and the deadline for disclosing experts has passed. Further, the only notice ABF received is that Sturgeon intended to call Jackson as a treating physician -- and not as an expert witness.

The Court finds that it is appropriate to consider Jackson as Sturgeon's treating physician and will, therefore, limit his testimony. Based on the legal standards discussed above, the Court will limit Jackson to testifying as to his personal care and treatment of Sturgeon. Specifically, Jackson may discuss his interaction, diagnosis, treatment and medical opinion based solely on his dealings with Sturgeon in the 1994 to 1996 time frame.

Jackson may not rely on materials related to Sturgeon's medical history after Sturgeon left Jackson's care. Jackson may not testify as to Sturgeon's current medical status, or opine on Sturgeon's status based on the medical records of other physicians who have seen Sturgeon. Finally, Jackson may not, by relying on outside sources, offer expert medical and/or legal opinions as to Sturgeon's alleged current disability.

The Court will therefore strike the following testimony from Jackson's affidavit:

1.      The fourth sentence of paragraph 3; paragraph 10; and all but the first sentence of paragraph 12, as they reference or rely on medical reports conducted by and characterizations espoused by other doctors.

2. Paragraphs 7 and 11, as Jackson attempts in these paragraphs to provide an opinion on the current state of Plaintiff's asthma.

3. Paragraphs 6, 8 and 9, as Jackson references his reading of ABF's legal memorandum, his understanding of the EEOC definition of "disability," and his opinion as to whether Plaintiff's asthma fits within that definition. Further, paragraph 9 provides an opinion about the current state of Sturgeon's asthma and whether Sturgeon's asthma currently meets the legal definition of "disability."

**IT IS ORDERED** that Defendant ABF Freight Systems, Inc's Motion to Strike November 14, 2003 Affidavit of William L. Jackson will be granted in part and portions of the Affidavit of William L. Jackson will be struck consistent with this opinion.

_____
UNITED STATES DISTRICT JUDGE

Counsel:

Ripley B. Harwood
Brian A. Thomas
Jeffries, Rugge & Rosales P.C.
Albuquerque, New Mexico

    *Attorneys for the Plaintiff*

Scott D. Gordon
Jeffrey L. Lowry
Rodey, Dickason, Sloan, Akin & Robb, P.A.
Albuquerque, New Mexico

    *Attorneys for the Defendant*