## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

JON STURGEON,

      Plaintiff,

vs.                                No. CIV-02-1317 JB/WDS

ABF FREIGHT SYSTEMS, INC.,

      Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Defendant's Motion for Summary Judgment on Plaintiff's ADA and Retaliation Claims, filed October 29, 2003 (Doc. 94). The primary issues are: (i) whether the Plaintiff, Jon Sturgeon, is disabled within the meaning of that term under the Americans with Disabilities Act ("ADA"); and (ii) whether there are any remaining federal claims under Count V of Sturgeon's Complaint. Because the Court finds that Sturgeon is not disabled under the ADA and has no remaining federal claims under Count V of his Complaint, the Court will grant summary judgment in favor of the Defendant, ABF Freight Systems, Inc ("ABF"), on Sturgeon's ADA and Retaliation claims.

## BACKGROUND

Sturgeon is a semi-skilled worker with many years of experience. He has gained substantial work experience while at ABF and has also obtained his Commercial Driver's License. See Deposition of Jon Sturgeon at 124-26 (Volume I)(taken March 26, 2003). He also has a real estate broker's license. See id. at 134.

In his briefing and at oral argument on this motion, Sturgeon underscored that asthma prevented him from doing only one thing: "The one and only task he cannot perform is to engage in

steam cleaning." Plaintiff's Response to Defendant's Motion for Summary Judgment as to ADA and Retaliation Claims, filed November 18, 2003 (Doc. 103).

Sturgeon's asthma does not substantially limit his ability to breathe. Sturgeon's doctors have consistently labeled his asthma as mild to moderate and reversible. See Deposition of William Jackson, M.D. at 27, 52 (taken July 14, 2003); Deposition of Jeffrey Miller at 36-37 (taken September 5, 2003); Deposition of Ronald W. Bronitsky at 14-15 (taken November 1, 2000 in Sturgeon v. Sunland Sanitary Supply, CV-96-09356, Second Judicial District, County of Bernalillo, State of New Mexico). Sturgeon is still capable of engaging in physical exercise and strenuous work activity. His asthma has not stopped him from riding a bike, walking, walking in the mountains, riding a motorcycle, and swimming. See id. at 154, 162; Deposition of Jon Sturgeon at 198 (Volume II)(taken September 10, 2003); Affidavit of Nikki Freeman ¶ 9, at 2 (executed June 16, 2003); Bronitsky Depo. at 15-16. He is capable of performing strenuous activity at work, including lifting truck tires and 50 pound wrenches. See Miller Depo. at 30. Sturgeon's asthma is not severe enough to prevent him from going to bars that allow smoking. See Jackson Depo. at 11-12.

Sturgeon is capable of performing day-to-day activities to take care of himself and is medically restricted only from being around asthma "triggers." Miller Depo. at 31. Sturgeon's only identified asthma triggers are some perfumes and his work environment, particularly the steam-cleaning detail. See Sturgeon Depo. (Vol. I) at 154-55; Jackson Depo. at 34; Bronitsky at 12. Chemicals used in the steam-cleaning detail at ABF's Albuquerque facility trigger Sturgeon's asthma.

Apart from the steam-cleaning detail at ABF and other jobs requiring exposure to chemical mists, Sturgeon is capable of performing any job at the ABF facility. See Sturgeon Depo. (Vol. I) at 155-62; Miller Depo. at 78. Sturgeon has used inhalers, including an Albuterol inhaler, while at

work to control his asthma.  See Sturgeon Depo. (Vol. II) at 194-97.

Sturgeon contends that his physical impairment of asthma constitutes a disability within the meaning of the ADA and that his asthma "substantially limited his major life activities, including without limitation, breathing, and working in a class of jobs involving the risk of inhalation exposure to chemicals or chemical fumes."  Complaint ¶ 21, at 4.  In a further attempt to satisfy the definition of "disability," within the ADA, Sturgeon alleges that he had a "record" of disability and that ABF was aware of his record.  See, e.g., id. ¶ 12, 15, 22, 25(c).[1]

Sturgeon bases his retaliation claim on an alleged corruption of his Teamsters Union grievance hearing in Las Vegas, Nevada.  See Complaint Count V, at 7-8, filed September 24, 2002 (Second Judicial District, County of Bernalillo, State of New Mexico), removed October 21, 2002 (Doc. 1). Sturgeon relies on evidence from his own deposition of March 26, 2003, in which he recounts that hearing, to make out this claim.  There, Sturgeon recounts answering questions from the hearing panel regarding whether he had filed an EEOC charge against ABF before that hearing.

Sturgeon indicates that he answered those questions in the affirmative.  Sturgeon has disclosed no other evidence that ABF management engaged in ex parte communications with the panel at his Teamsters Grievance Hearing.  See Complaint ¶¶ 46-53, at 7-8; Sturgeon Depo. (Vol. I) at 82, 85-86, 89 (suggesting that he disclosed his EEOC complaint to the grievance panel).

Sturgeon's Complaint alleges six counts: Count I: Americans with Disabilities Act Discrimination; Count II: Constructive Discharge; Count III: Human Rights Act Violation; Count IV: Breach of Employment Contract; Count V: Retaliation; and Count VI: OSHA Discrimination.[2]

---

[1] Sturgeon also sued the chemical maker.  See Sturgeon Depo. (Vol. I) at 166:20-167:9.

[2] Sturgeon mislabeled Count VI as Count IV in his Complaint.

Counts II, III, IV and VI have all been dismissed.  See Stipulated Order of Dismissal Without Prejudice of Count II - Constructive Discharge, filed May 30, 2003 (Doc. 50); Stipulated Order of Dismissal Without Prejudice of Count III - Human Rights Act, filed October 30, 2003 (Doc. 98); Memorandum Opinion and Order (dismissing Count IV with prejudice), filed January 7, 2004 (Doc. 118); and Memorandum Opinion and Order (dismissing Count VI with prejudice), filed January 7, 2004 (Doc. 119).  The only remaining claims are for ADA discrimination (Count I) and Retaliation (Count V).  The Court held a hearing on this motion on January 8, 2004.

## STANDARDS FOR DECIDING A MOTION FOR SUMMARY JUDGMENT

"Summary judgment is appropriate when [the court], viewing the record in the light most favorable to the non-moving party, [determines that] there is no genuine dispute over a material fact and the moving party is entitled to judgment as a matter of law."  Thrasher v. B&B Chem. Co., 2 F.3d 995, 996 (10th Cir. 1993)(internal quotation marks and citation omitted).  The movant bears "the initial burden [of] showing that there is an absence of evidence to support the nonmoving party's case."  Bacchus Indus., Inc. v. Arvin Indus., Inc., 939 F.2d 887, 891 (10th Cir. 1991)(internal quotation marks and citation omitted).  Once the movant meets this burden, rule 56(e) of the Federal Rules of Civil Procedure "requires the non-moving party to go beyond the pleadings and by [his or] her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial."  Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986)(internal quotation mark and citation omitted).

The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts."  Biester v. Midwest Health Servs., Inc., 77 F.3d 1264, 1266 (10th Cir. 1996)(internal quotation marks and citation omitted).  Similarly, the non-moving party must

demonstrate that something more than a "mere scintilla of evidence" supports the non-movant's position. Hom v. Squires, 81 F.3d 969, 973 (10th Cir. 1996)(citing Anderson v. Liberty Lobby, 477 U.S. 242, 252 (1986)).  "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)(internal quotation marks and citation omitted).

The party moving for summary judgment has the initial burden of making a prima facie showing of entitlement to judgment as a matter of law, and that burden "may be discharged by 'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." Celotex Corp. v. Catrett, 477 U.S. at 325.  The non-moving party must then show that there is a genuine issue for trial by "mak[ing] a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Id. at 322.  To meet this burden, the non-moving party must present more than mere speculation.  See Hom v. Squires, 81 F.3d at 974 (affirming district court's grant of summary judgment where "[i]n opposing the defendants' motion for summary judgment, Hom produced only his own affidavit, which stated his belief that he was dismissed in retaliation for his criticism of the RFP committee procedures.  He presented absolutely no other evidence to show a causal connection between his speech and his subsequent dismissal.").

## ANALYSIS OF STURGEON'S ADA CLAIM

"To establish a prima facie case of discrimination under the [Americans with Disabilities Act], a plaintiff must demonstrate (1) that [he] is disabled within the meaning of the ADA; (2) that [he] is qualified-with or without reasonable accommodation; and (3) that [he] was discriminated against because of [his] disability."  Tate v. Farmland Indus., Inc., 268 F.3d 989, 992 (10th Cir.

2001)(internal quotation marks & citations omitted); Saunders v. Baltimore County, 163 F. Supp. 2d 564, 567 (D. Md. 2001)("To establish a prima facie case under the ADA, a plaintiff must prove as a threshold matter that he is disabled under the Act.").

Sturgeon's asthma does not meet the definition of "disability" under the ADA, he is thus not "disabled" within the meaning of the ADA, and he therefore cannot, as a matter of law, make out his claims under that Act. Sturgeon has a wide range of employment options available to him, despite his asthma. Thus, his asthma does not substantially limit his ability to work, as the ADA requires to set forth a claim.

Sturgeon has not, in responding to ABF's motion for summary judgment, created a genuine issue of material fact regarding an essential element of his ADA claim. He has not shown that asthma substantially limits the major life activities of working or of breathing. As a matter of law, Sturgeon is not disabled under the ADA. Accordingly, the Court will grant summary judgment to ABF on Sturgeon's ADA claim.

## I.    STURGEON HAS NOT ESTABLISHED THAT HIS ASTHMA SUBSTANTIALLY LIMITS ONE OR MORE MAJOR LIFE ACTIVITIES.

Sturgeon contends that his chemically induced asthma constitutes a "disability" within the meaning of the ADA. See Complaint ¶ 4, at 1. To make out a claim under the ADA, Sturgeon must prove that his asthma is a physical impairment that substantially limits one or more major life activities. See 42 U.S.C. § 12102(2); NMSA 1978, § 28-1-2M (2003). Sturgeon has pleaded that his asthma substantially limits his major life activities of breathing and working. See Complaint ¶ 21, at 4.

ADA case law indicates that working and breathing are the two major life activities that

plaintiffs advance in asthma cases.  See, e.g., Saunders v. Baltimore County, 163 F. Supp. 2d 564, 568 (D. Md. 2001)("Two major life activities frequently are implicated in asthma cases brought under the ADA: breathing and working.").  "[T]he ADA requires those claiming the Act's protection . . . to prove a disability by offering evidence that the extent of the limitation [caused by their impairment] in terms of their own experience . . . is substantial."  Toyota Motor Mfg., Ky, Inc. v. Williams, 534 U.S.184, 198-99 (2002)(internal quotation marks and citations omitted)(overturning grant of summary judgment for employee on issue of disability when circuit court considered only employee's ability to do work, but should have also considered employee's ability to perform normal daily activities).  Also, "[l]ooking at the [ADA] as a whole, it is apparent that if a person is taking measures to correct for, or mitigate, a physical or mental impairment, the effects of those measures – both positive and negative – must be taken into account when judging whether the person is 'substantially limited' in a major life activity and thus 'disabled' under the Act."  Sutton v. United Air Lines, Inc., 527 U.S. 471, 482 (1999); Tangires v. Johns Hopkins Hosp., 79 F. Supp. 2d 587, 596 (D. Md. 2000)("Since plaintiff's asthma is correctable by medication and since she voluntarily refused the recommended medication, her asthma did not substantially limit her in any major life activity."), aff'd mem., 230 F.3d 1354 (4th Cir. 2000); Boone v. Reno, 121 F. Supp. 2d 109, 111 (D.D.C. 2000)("When considered in its corrected state, [plaintiff's] asthma is not a disability."), aff'd, Boone v. Ashcroft, 35 Fed. Appx. 3 (D.C. Cir. March 11, 2002).

Because Sturgeon has not proven that his asthma substantially limits his ability to work or breathe, his asthma does not qualify as a disability under the ADA.  See, e.g., Croy v. COBE Laboratories, 345 F.3d 1199, 1204 (10th Cir. 2003)(affirming district court that granted summary judgment; "We agree with the district court that Appellant has not shown the substantial impairment

of a major life activity."); Johns-Davila v. City of New York, No. 99 Civ. 1885, 2000 WL 1725418,

* 6 (S.D.N.Y. November 20, 2000)("Not every physical or mental impairment is an ADA disability,

because not every physical or mental impairment substantially limits a major life activity.")(citing 29

C.F.R. pt. 1630(1998)).  Neither does his prior workmen's compensation impairment rating affect

a determination of "disability" under the ADA.  See E.E.O.C. Technical Assistance Manual on Title

I of the ADA, Ch. IX, § 9.1 (1999)("Only injured workers who meet the ADA's definition of an

'individual with a disability' will be considered disabled under the ADA, regardless of whether they

satisfy criteria for receiving benefits under workers' compensation or other disability laws."),

reprinted in 3 BNA's ADA Manual at 90:0558 (2003).[3]  The worker's compensation analysis is

independent and separate from the ADA analysis; Sturgeon's physician confirms this distinction.  See

Jackson Depo. at 23 (noting that physician does not refer to the ADA or EEOC regulations when

assigning worker's compensation impairment ratings).  That Sturgeon has received workmen's

compensation benefits because of his asthma is also not relevant to the determination whether he is

disabled within the meaning of the ADA.

    Sturgeon continues to use inhalers to keep his asthma under control.  Thus, when considering

whether his asthma constitutes a disability under the ADA, the Court should view his asthma after

taking his inhaler.  Sturgeon's asthma, after taking the corrective measure of his inhaler, must serve

as the reference point in determining whether he is disabled within the meaning of the ADA.

_____

        [3] See Garrison v. Baker Hughes Oilfield Operations, Inc., 287 F.3d 955, 960 n.3 (10th Cir.
2002)("While the Equal Employment Opportunity Commission's Technical Assistance Manual is not
controlling by reason of its authority, we may properly 'draw guidance from the views' expressed
therein.")(quoting Bragdon v. Abbott, 524 U.S. 624, 647 (1998), and citing Meritor Sav. Bank, FSB
v. Vinson, 477 U.S. 57, 65 (1986), and 42 U.S.C. § 12206(c)("authorizing Equal Employment
Opportunity Commission to offer technical assistance on compliance with subchapter I of the
Americans with Disabilities Act")).

## A.   STURGEON HAS NOT ESTABLISHED THAT HIS ASTHMA SUBSTANTIALLY LIMITS HIS ABILITY TO WORK.

To prove a substantial limitation on the ability to work, a plaintiff must show an inability to work in a broad range of jobs, rather than just "one type of job, a specialized job, or a particular job of choice." Sutton v. United Air Lines, Inc., 527 U.S. at 492; 29 C.F.R. § 1630.2(j)(3)(i) (2003)(holding that major life activity is substantially limited if plaintiff is "significantly restricted in the ability to perform either a class of jobs or a broad range of jobs in various classes as compared to the average person having comparable training, skills and abilities"). An ADA plaintiff alleging substantial limitation on the ability to work must present evidence of his "complete vocational training, the geographical area to which he has access, or the number and types of jobs demanding similar training from which [plaintiff] would also be disqualified." Lewis v. Independent Sch. Dist. No. I-89, No. 98-6429, 1999 WL 1188818, **1 (10th Cir. Dec. 10, 1999)(internal quotation marks and citation omitted)(affirming grant of summary judgment for employer upon finding that plaintiff was not "disabled" within the meaning of the ADA); Ventura v. City of Independence, 108 F.3d 1378 (Table), 1997 WL 94688, **2 (6th Cir. March 4, 1997)(holding that plaintiff was not disabled where, although asthma prevented him from performing the duties of a Grade I maintenance position with the City, he was able to perform a wide range of activities and hold several different types of jobs).

"[A]s the Supreme Court has held, merely being unable to work in one job is not sufficient to qualify as 'substantially impaired.'" Boone v. Reno, 121 F. Supp. 2d at 112 (citing Murphy v. United Parcel Service, Inc., 527 U.S. 516, 523 (1999)). Further, alleging sensitivity to industrial irritants present only at a particular worksite or inability to work at one job because of chemicals

present at that job will not suffice to prove a substantial limitation on a plaintiff's ability to work.  See Rhoads v. F.D.I.C., 257 F.3d 373, 389 (4th Cir. 2001)(holding that, where the plaintiff alleged that her difficulty breathing was aggravated solely by her workplace environment, she could not be considered disabled within the meaning of the ADA if she failed to establish that her ability to work was not substantially limited); Muller v. Costello, 187 F.3d 298, 302-303, 313-14 (2d Cir. 1999)(finding that the plaintiff's "severe bronchitis with a strong asthmatic component" prevented him from working as a corrections officer in his former facility and any other facility that permitted smoking; nevertheless, a "limitation on a single, particular job cannot constitute a substantial limitation on the major life activity of working"); Mayers v. Wash. Adventist Hosp., 131 F. Supp. 2d 743, 750 (D. Md.)(finding that the plaintiff could not show a substantial limitation on ability to work when she admitted that she could work without incident in a reasonably clean environment with functioning temperature controls and where she held a second job during her employment with the defendants), aff'd, 22 Fed. Appx. 158 (4th Cir. November 19, 2001); Ventura v. City of Independence, 1997 WL 94688, at ** 2 ("Considering that Ventura is able to perform a wide range of activities and hold several different types of jobs, we do not believe that his inability to perform the duties of the Grade I maintenance position with the City renders him disabled within the meaning of the ADA."); Saunders v. Baltimore County, 163 F. Supp. 2d at 570 ("[A] plaintiff who shows only that he or she cannot function in one particular work environment fails to make the requisite showing under the ADA of being substantially limited in the ability to work."); Johns-Davila v. City of New York, 2000 WL 1725418, at *11 ("On the record, Davila's restriction from working in a 'sick building' does not constitute a work disability within the meaning of the ADA.")(footnote omitted); Nugent v. Rogosin Inst., 105 F. Supp. 2d 106, 113-14 (E.D.N.Y. 2000)("[Numerous] precedents

-10-

compel the conclusion that [plaintiff's] asthma attacks, which were apparently triggered primarily by allergens present at [her workplace] and only prevented her from working at [that workplace], cannot be found to substantially limit her ability to work or to breathe."); Horvath v. Savage Mfg., Inc., 18 F. Supp. 2d 1296, 1303 (D. Utah 1998)("It is true that [plaintiff's] asthma may impair him from painting in the conditions present at [defendant's workplace], but this is insufficient to qualify as a substantial impairment of the major life activity of working under the ADA."); Huffman v. Ace Elec. Co., No. Civ. A. 94-2030, 1994 WL 583113 at * 5 (D. Kan. August 29, 1994)(holding that the plaintiff, who alleged sensitivity to unknown industrial irritants at one particular job, did not have a substantial limitation of the major life activity of working).

Thus, to establish his asthma substantially limits the major life activity of working, Sturgeon must show that he is unable to perform either a class of jobs or a broad range of jobs in various classes. See Doebele v. Sprint/United Mgmt. Co., 342 F.3d 1117, 1133 (10th Cir. 2003); Bolton v. Scrivner, Inc., 36 F.3d 939, 943-44 (10th Cir. 1994). Sturgeon has not presented evidence that his asthma medically disqualifies him from any position at ABF other than the steam-cleaning detail. Indeed, on page one of his Response, he emphasizes that the one and only task he cannot perform is to engage in steam cleaning. During the time since he has been diagnosed with asthma, he has continued to work for ABF in various positions. Given these facts, Sturgeon's asthma does not prevent him from working in a broad range of jobs, which he must show to make out a claim of disability under the ADA.

Further, Sturgeon has not met his burden to show that his disability disqualifies him from other jobs in the Albuquerque area. ABF's occupational expert, Judith Beard, conducted an employability assessment of Sturgeon. Beard reviewed his qualifications and skills, and then spoke

with employers and reviewed want ads for jobs in Albuquerque that were similar to Sturgeon's. <u>See</u> Employability Assessment at 4.  Excluding real estate jobs, Beard determined that, based on Sturgeon's average wages between 1998 and 2001, he "should be able to obtain employment at wages near those he earned at ABF." <u>Id</u>. at 5.  Beard further noted that "there have been openings with companies who have comparable benefits to those at ABF." <u>Id</u>.  Sturgeon did not rebut the evidence that, given his skills, education and training, other jobs were available to him in the Albuquerque market.

Given Sturgeon's ability to perform strenuous work activities at ABF, he has not met his burden of proving that his asthma prevents him from performing a broad range of jobs, as he must do to make out a claim of disability under the ADA.  Even if Sturgeon is unable to perform work in ABF's steam-cleaning detail, sensitivity at one job does not mean that he is substantially limited at the major life activity of working.  Accordingly, the Court will grant summary judgment in favor of ABF and find that his asthma does not substantially limit his ability to work; Sturgeon is not disabled within the meaning of the ADA.[4]

## B.    STURGEON HAS NOT ESTABLISHED THAT HIS ASTHMA SUBSTANTIALLY LIMITS HIS ABILITY TO BREATHE.

Any person with asthma is, by definition, at least somewhat limited in his or her ability to breathe.  A person is disabled within the meaning of the ADA only if he is substantially limited in a major life activity.  <u>See</u> 42 U.S.C. § 12102(2).  The Court must make this determination to decide whether a plaintiff with asthma is disabled within the meaning of the ADA.

---

[4] Because the Court determines that Sturgeon is not disabled within the meaning of the ADA, the Court need not determine whether ABF made reasonable accommodation or whether ABF discriminated against him because of disability.

According to the E.E.O.C. regulations, "substantially limits means: (i) Unable to perform a major life activity that the average person in the general population can perform; or (ii) Significantly restricted as to the condition, manner or duration under which an individual can perform a particular major life activity as compared to the condition, manner, or duration under which the average person in the general population can perform that same major life activity." 29 U.S.C. § 1630.2(j)(1) (2003). See Bolton v. Scrivner, Inc., 36 F.3d 939, 944 (10th Cir. 1994)(finding that the EEOC regulations are instructive in ruling on ADA claims). The same regulations illustrate that factors to be considered in determining whether one is substantially limited in a major life activity include "(i) [t]he nature and severity of the impairment; (ii) [t]he duration or expected duration of the impairment; and (iii) [t]he permanent or long term impact, or the expected permanent or long term impact of or resulting from the impairment." 29 C.F.R. S 1630.2(j)(2). Further, a court determining whether an impairment substantially limits a major life activity must take into account corrective measures that may alleviate the severity of the symptoms. See Sutton v. United Air Lines, Inc., 527 U.S. at 489; Gaddy v. Four B Corp., 953 F. Supp. 331, 337 (D. Kan. 1997)("The uncontroverted evidence indicates that the plaintiff successfully controlled her asthma with an inhaler and, if necessary, a breathing machine. Thus, there is no evidence from which a reasonable factfinder could conclude that the plaintiff's asthma substantially limited the plaintiff's breathing. As a result, the plaintiff is not disabled within the meaning of [the ADA].")(footnote and citations omitted).

To show that asthma substantially limits his breathing, a plaintiff must provide more proof than that his ability to breathe is impaired substantially while at work. See Mayers v. Wash. Adventist Hosp., 131 F. Supp. 2d at 749 (holding that plaintiff not substantially limited in major life activity of breathing when evidence showed that she experienced only temporary difficulty when exposed to

extreme conditions at her workplace or seasonal changes); Saunders v. Baltimore County, 163 F.

Supp. 2d at 568 (dismissing the plaintiff's claim that asthma substantially limited his ability to breathe

when it was shown that, despite an asthma attack so severe it required hospitalization, he encountered

difficulty breathing only while at work); Nugent v. Rogosin Inst., 105 F. Supp.2d 106, 113-14

(E.D.N.Y. 2000)(summary judgment for employer)(finding that the plaintiff was not substantially

limited in the major life activity of breathing when "her ability to breathe was impaired when she

entered [defendant's] facility and improved when she stayed away from her job"). Finally, evidence

that a plaintiff engages in physical activity cuts against a finding of substantial limitation of the major

life activity of breathing.   See Heilweil v. Mount Sinai Hosp., 32 F.3d 718, 723 (2d Cir.

1994)(holding that participation in recreation activities such as exercise tends to undermine a finding

of disability based on diminished breathing capacity); Ventura v. City of Independence, 1997 WL

94688 at ** 2 (holding that the plaintiff's asthma did not substantially limit his breathing when it had

not prevented him from "playing baseball and football, performing calisthenics, walking, playing the

saxophone, occasionally running, singing, and water skiing"); South v. NMC Homecare, Inc., 943

F. Supp. 1336, 1341 (D. Kan. 1996)("The court agrees with defendant that plaintiff's frequent

workouts do cast doubt on the severity of his breathing impairment.  Although plaintiff contends that

heightened exertion 'sets off' his asthma, he testified that he regularly exercises and goes to the gym

to use a treadmill.  These activities appear to be inconsistent with one whose breathing is as

substantially impaired as plaintiff contends his to be.").

　　　Sturgeon's emphasis in this case has been on the alleged limitation that his asthma imposes

on his work, not on his breathing.  The Court does not see any evidence that asthma substantially

limited the major life activity of breathing.  Moreover, there is evidence that the limitation, if any, has

not been substantial.  Although Sturgeon's asthma limits his ability to breathe, as does all asthma, Sturgeon's doctors have consistently labeled his asthma as mild to moderate and reversible.  Further, Sturgeon is able to control his asthma through the use of inhalers, even while at work.  Sturgeon has not alleged that his asthma prevents him from getting around or from taking care of himself on a day-to-day basis.

During the time that Sturgeon has been diagnosed with asthma, he has ridden a bicycle, walked in the mountains, ridden a motorcycle, gone swimming, and visited smoky bars.  He also has lifted heavy truck tires and wrenches while at work.  Finally, Sturgeon has alleged that the primary trigger for his asthma is his work environment.

These facts do not point to a substantial limitation on Sturgeon's ability to breathe.  His asthma is an impairment, but does not impose a substantial limitation on his breathing.  Thus, the Court will enter summary judgment in favor of ABF on Sturgeon's ADA claim, because he has not made out a claim of "disability" under the ADA.

## II.   STURGEON DOES NOT HAVE A RECORD SUFFICIENT TO PROVE DISABILITY UNDER THE ADA.

For the same reasons that Sturgeon does not make out a claim of "disability" under 42 U.S.C. § 12102(2)(A), his "record of" claim, under § 12102(2)(B), is insufficient as well.  "Under the ADA, the definition of disability includes having a record of an impairment that substantially limits a major life activity of an individual."  <u>Sorensen v. Univ. of Utah Hosp.</u>, 194 F.3d 1084, 1086-87 (10th Cir. 1999)(affirming grant of summary judgment in favor of employer on issue whether the plaintiff with MS was disabled within the meaning of the ADA); 42 U.S.C. § 12102(2)(B).  "The EEOC regulations make clear[, however,] that the impairment indicated in the record must be one that

-15-

substantially limited a major life activity." Sorensen v. Univ. of Utah Hosp., 194 F.3d at 1087 (citing 29 C.F.R. § 1630, App. § 1630.2(k)).  "In other words, the record must show an impairment that satisfies the ADA." E.E.O.C. v. Automatic Sys. Co., 169 F. Supp. 2d 1001, 1006 (D. Minn. 2001)(granting summary judgment for defendant employer, as history of heart problems and hospitalization do not constitute a sufficient record of disability on which to base ADA claim). Sturgeon bears the burden to produce the record and show that it qualifies under the ADA. See id.

 To meet his burden of proof, a plaintiff must show that he "[has] a history of, or [has] been misclassified as having, an impairment that substantially limited a major life activity." Sorensen v. Univ. of Utah Hosp., 194 F.3d at 1087 (citing 29 C.F.R. § 1630.2(k)).  "The Equal Employment Opportunity Commission has explained '[t]he intent of this [record of] provision, in part, is to ensure that people are not discriminated against because of a history of disability." Rakity v. Dillon Cos., 302 F.3d 1152, 1159 (10th Cir. 2002)(citing 29 C.F.R. pt. 1630, App. § 1630.2(k))(affirming grant of summary judgment for employer on "record of" claim, when the plaintiff with carpal tunnel syndrome pointed to doctors' letters and record of corrective surgery but could not present records or documents indicating that his impairments were severe enough to prevent him from performing basic household chores, bathing himself, or brushing his teeth).  Standing alone, notations of disabled in an employee's record are not enough to satisfy a "record of" claim, as the "record" must be one that shows an impairment that satisfies the requirements of the ADA; a record reflecting a plaintiff's classification as disabled for other purposes . . . is not enough." Colwell v. Suffolk County Police Dept., 158 F.3d 635, 645 (2d Cir. 1998)(citing 29 C.F.R. pt. 1630 App., § 1630.2(k))(overturning jury verdict in favor of ADA plaintiff on "record of" claim when record indicated that police officer was hospitalized for a month, remained home for six months and then was restricted to light duty for

seven years but did not indicate that limitations imposed a substantial limitation on one or more of his major life activities). Nor is a record of a workers' compensation claim sufficient to make out an ADA "record of" claim. EEOC: Guidance on Workers' Compensation and ADA, issued by the ADA division of EEOC's Office of Legal Counsel (September 3, 1996), reprinted in 2 BNA's ADA Manual at 70:1215 (2003).

Sturgeon has neither alleged nor proven facts sufficient to make out a "record of" claim under the ADA, for the reason that he is not disabled within the meaning of the ADA. Even if ABF had a record of all of Sturgeon's medical evaluations, including his worker's compensation evaluation indicating that his asthma is a limiting factor, Sturgeon would not have a "record" sufficient to make out a claim of disability under the ADA. As indicated above, Sturgeon's workplace is the primary trigger for his asthma, and even there, he keeps his asthma under control through the use of inhalers. Sturgeon's asthma has not prevented him from engaging in strenuous work activity or from exercising outside of work.

Finally, doctors who have evaluated Sturgeon have consistently labeled his asthma as mild to moderate and reversible. Sturgeon may not make out a claim of disability under the ADA by pointing to ABF's record of Sturgeon, as that record does not disclose facts sufficient to make out a claim of disability by way of substantial impairment of any of his major life activities. Thus, Sturgeon's "record of" claim is not sufficient as a matter of law, and the Court will enter summary judgment in favor of ABF on his "record of" ADA claim.

## III.   STURGEON HAS NOT ESTABLISHED THAT ABF REGARDED HIM AS DISABLED AND TREATED HIM DIFFERENTLY ON THAT BASIS.

A person without an ADA-cognizable disability qualifies for statutory protection if he is

regarded as having a disability.  See 42 U.S.C. § 12102(2)(A); 29 C.F.R. Part 1630, App. § 1630.2(j)(3)(i).  To dispel misperceptions based upon stereotypical thinking about the disabled, the ADA protects persons against discrimination based on perception as well as reality.  See Doebele v. Sprint/United Mgmt. Co., 342 F.3d 1117, 1132-33 (10th Cir. 2003).

Sturgeon's Complaint does not specifically allege a claim that ABF regarded him as disabled. His claims, in fact, rely on his argument that he is actually disabled, not that ABF in error perceived him as disabled.  In arguments at tension with his claim of discrimination on the basis of disability and of "record of," Sturgeon has attempted to raise a "regarded as" claim.

The Tenth Circuit has disallowed an ADA plaintiff from adding a "regarded as" claim when such a claim was not expressly pleaded and where the defendant was not put on notice of such a claim.  See Adams v. Strombecker Corp., 153 F.3d 726 (Table), 1998 WL 381028 at **2 (10th Cir. July 6, 1998).  The Court, therefore, finds that Sturgeon should not be allowed to add this claim at the late stage of summary judgment proceedings when he did not attempt to amend his Complaint to add the claim.

Even assuming, however, that Sturgeon had properly brought a "regarded as" claim in his Complaint, and further assuming that he can maintain such an alternative theory at this stage of the proceeding, he has not created a genuine issue of material fact whether ABF regarded him as disabled.  Sturgeon has not provided evidence in the record that ABF believed he was disabled within the meaning of the ADA or that ABF overestimated the seriousness of his condition.  See Sutton v. United Air Lines, Inc., 527 U.S. at 489 ("There are two apparent ways in which individuals may fall within this statutory definition [of being "regarded as" disabled]: (1) a covered entity mistakenly believes that a person has a physical impairment that substantially limits one or more major life

-18-

activities, or (2) a covered entity <u>mistakenly</u> believes that an actual, nonlimiting impairment substantially limits one or more major life activities.  In both cases, it is necessary that a covered entity entertain misperceptions about the individual.")(emphasis added).  The Court does not believe the record supports a rational factfinder concluding that ABF treated him as disabled.

Sturgeon has maintained that he is disabled under the ADA and that ABF discriminated against him for being so disabled.  The crux of Sturgeon's Complaint is that, if anything, ABF underestimated the extent of his asthma by insisting that he could steam clean.  <u>See</u> <u>Deas v. River West, L.P.</u>, 152 F.3d 471, 482 (5th Cir. 1998)(affirming summary judgment for defendant on plaintiff's "regarded as" claim where employer thought plaintiff unable to perform only a few "highly specialized jobs that required relatively high levels of vigilance or uninterrupted awareness."); <u>Saunders v. Baltimore County, Md.</u>, 163 F. Supp. 2d at 570 (granting defendant's motion to dismiss on plaintiff's "regarded as" claim where the plaintiff alleged only that he had repeatedly discussed his asthma with management and they declined to offer him a new position).   Because he has not produced evidence sufficient to make out a "regarded as" claim, and because he did not plead a "regarded as" claim, Sturgeon may not now assert such a claim in an attempt to survive summary judgment.

<u>**ANALYSIS OF RETALIATION CLAIM**</u>

Count V of Sturgeon's Complaint is a claim for "Retaliation," but it does not specify whether this is a state tort claim or a federal claim arising under federal statutory or common law.  This Court previously dismissed Sturgeon's state law claims, if any, in Count V, because it was insufficient under New Mexico law.  <u>See</u> Memorandum Opinion and Order, filed January 7, 2004 (Doc. 119).  The Court must now determine whether any federal claims remain under Count V.

Sturgeon seeks to have his retaliation claim go to trial based on his assertion that ABF managers engaged in ex parte communications with panel members at his Teamsters Union grievance hearing in Las Vegas.  Aside from the factual allegations in his Complaint, see Complaint ¶¶ 46-53, at 7-8, the evidence that Sturgeon has produced to further his claim suggests that it was he, and not ABF managers, who revealed the existence of his separate EEOC filing against ABF, see Sturgeon Depo (Vol. I) at 82.  Referring to his Teamsters Union grievance hearing in Las Vegas, Sturgeon testified in his March 26, 2003 deposition as follows:

A.    I know one question [the grievance panel] asked me was if I had filed a complaint with the EEOC, and I don't remember who asked that.  I mean, I don't even know who these guys names were, with faces.

Q.    But that was asked to you?

A.    Yes.

Q.    And it was while ABF's representative was in the room?

A.    Yes.

Q.    Did you respond to that?

A.    Yes, I did.

Q.    What did you say?

A.    I said that I had filed a complaint with the EEOC, yes.

Id.  Sturgeon also testified that a panel member, whose name Sturgeon did not know, asked him in the hallway if he had filed an EEOC charge.  See id. at 85.  Sturgeon told him that he did.  See id.

These allegations do not amount to a federal claim.  Section 301 of the Labor Management Relations Act ("LMRA") establishes federal jurisdiction for "[s]uits for violations of contracts between an employer and a labor organization representing employees" that the Act covers.  29

U.S.C. § 185.  If a plaintiff does not specifically plead a Section 301 claim, but the basis of the claim pled falls within the ambit of Section 301, a court may treat it as a claim under Section 301.  <u>Allis-Chalmers Corp. v. Lueck</u>, 471 U.S. 202, 220 (1985)("[W]hen resolution of a state-law claim is substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract, that claim must either be <u>treated as a § 301 claim</u>, or dismissed as pre-empted by federal labor-contract law.")(emphasis added)(internal citation omitted).

At the hearing on this motion, Sturgeon clarified that his claim for retaliation is not a suit for a violation of the labor contract.  <u>See</u> Transcript of Hearing at 54:4-5 (January 8, 2004).[5]  Sturgeon stated that his claim is "in the nature of a common law claim for tortious interference with a legitimate process.  We don't view that as being a 301 claim."  <u>Id.</u> at 54:12-14.  Sturgeon asks the Court to fashion a federal common law remedy for his claim.[6]  <u>See id.</u> at 56:2-5.  Federal courts are not, however, generally in the business of fashioning federal common law remedies for tort claims.  <u>See, e.g.</u>, <u>Flores v. Ignacio</u>, No. 78 Civ. 5017, 1981 WL 2283 (S.D.N.Y. January 15, 1981)("Although the federal courts have power to recognize or create federal common law torts arising from duties created by federal law, see, e.g., <u>Bivens v. Six Unknown Named Agents</u>, 403 U.S. 388 (1971); <u>Ivy Broadcasting Co. v. American Telephone & Telegraph</u>, 391 F.2d 486 (2d Cir. 1968, we are cautioned to be circumspect in our exercise of this power.  <u>*Prescription Plan Service Corp. v. Franco*</u>, 552 F.2d 493, 495 (1977).").  This Court will not engage in such activity with regard to Sturgeon's claims.

---

[5] The Court's citations to the transcript of the hearing refer to the Court Reporter's original, unedited version.  Any finalized transcript may contain slightly different page and/or line numbers.

[6] Sturgeon also argues that this federal common law remedy for the alleged corruption of the grievance process is the only remedy available to him.  The Court previously noted that is not the case.  <u>See</u> Memorandum Opinion and Order, filed January 7, 2004 at 9-10 (listing alternative statutory and administrative remedies that Sturgeon did not avail himself of).

Given that Congress has provided certain remedies under § 301, and not others, the Court is reluctant to fashion a claim that Congress has not provided. That is more appropriately the task of the legislative branch, not of the district court. And as pointed out in the earlier opinion, there may be other remedies that are or were available to Sturgeon to address concerns he has about the grievance process.

The Court finds that Sturgeon's retaliation claim does not state a claim arising under federal law. Because the Court has previously dismissed all state claims for retaliation, the Court will dismiss Sturgeon's retaliation claims under Count V.

**IT IS ORDERED** that the Defendant's Motion for Summary Judgment on Plaintiff's ADA and Retaliation Claims is granted, and the Plaintiff's claims for ADA discrimination and for retaliation are dismissed with prejudice. Because these were the only remaining claims in this case, the Court will dismiss the case and enter judgment for the Defendant.

_____
UNITED STATES DISTRICT JUDGE

Counsel:

Ripley B. Harwood
Brian A. Thomas
Jeffries, Rugge & Rosales P.C.
Albuquerque, New Mexico

 *Attorneys for the Plaintiff*

Scott D. Gordon
Jeffrey L. Lowry
Rodey, Dickason, Sloan, Akin & Robb, P.A.
Albuquerque, New Mexico

 *Attorneys for the Defendant*